IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| ALAN DECKER, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | Civil No. 3:23-cv-00144-SLH |
| ) | Judge Stephanie L. Haines |
| COMMONWEALTH OF PENNSYLVANIA ) | Magistrate Judge Keith A. Pesto |
| DEPARTMENT OF CORRECTIONS, *et al.* ) | |
| ) | |
| Defendants. ) | |

## MEMORANDUM OPINION and ORDER

Plaintiff Alan Decker ("Plaintiff") commenced this action on June 30, 2023, filing a two count Complaint, ECF No. 1, that was ultimately amended on September 26, 2023. ECF No. 11. The case was referred to Magistrate Judge Keith A. Pesto for proceedings in accordance with the Federal Magistrates Act, 28 U.S.C. § 636, and Local Civil Rule 72.D. In Plaintiff's Amended Complaint, ECF No. 11, Plaintiff raises the following three causes of action against Defendants Commonwealth of Pennsylvania Department of Corrections ("DOC"), Laurel Harry, and Michael Wenerowicz (collectively "Defendants"): (1) Violation of the Equal Protection Clause of the Fourteenth Amendment to the United States Constitution pursuant to 42 U.S.C. § 1983; (2) Violation of Title II of the Americans with Disabilities Act ("ADA"), 42 U.S.C. § 12131, et. seq.; and (3) Violation of the Rehabilitation Act of 1973 ("RA"), 29 U.S.C. § 794. In his prayer for relief, Plaintiff requested: (1) declaratory judgment; (2) compensatory damages; (3) reasonable attorneys' fees and costs; and (4) other relief as the Court deems just and equitable. ECF No. 11, p. 9. On October 5, 2023, Defendants filed a Motion to Dismiss for Failure to State a Claim, pursuant to Fed. R. Civ. P. 12(b)(6), ECF No. 15, and a corresponding Brief in Support. ECF No.

1

16. On October 27, 2023, Plaintiff filed a Brief in Response to Defendants' Motion to Dismiss for Failure to State a Claim. ECF No. 20.

Pending before the Court is Magistrate Judge Kieth A. Pesto's Report and Recommendation, issued on July 25, 2024, as to Defendants Motion to Dismiss for Failure to State a Claim. ECF No. 21. Therein, Magistrate Judge Pesto recommends this Court grant Defendants' Motion to Dismiss and that Plaintiff's claims be dismissed with prejudice. After Plaintiff's unopposed Motion for Extension of Time to File Objections to Report and Recommendation, ECF No. 22, was granted, ECF No. 23, Plaintiff filed timely objections to Judge Pesto's Report and Recommendation on September 5, 2024. ECF No. 24. On September 18, 2024, Defendants filed a Response to Plaintiff's Objections, ECF No. 25, to which Plaintiff filed a Reply on September 25, 2024. ECF No. 26. The matter is fully briefed and ripe for disposition.

When timely objections to a magistrate judge's report and recommendation are filed, the district court must conduct "a de novo determination of those portions of the report or specified proposed findings or recommendations to which objection is made." *EEOC v. City of Long Branch*, 866 F.3d 93, 99 (3d Cir. 2017) (quoting 28 U.S.C. § 636(b)(1)). In doing so, a district court may accept, reject or modify, in whole or in part, the findings and recommendations made in the report, 28 U.S.C. § 636(b)(1), but is not required to make any separate findings or conclusions under § 636(b). *See Hill v. Barnacle,* 655 F.Appx. 142, 148 (3d Cir. 2016). This standard is applicable to "any part of the magistrate judge's disposition that has been properly objected to." Fed. R. Civ. Proc. 72(b)(3). Absent proper objections, the district court applies a reasoned consideration review. *See EEOC*, 866 F.3d at 100.

In the filed objections, Plaintiff explicitly noted that he did not object to dismissal of: (1) the § 1983 Equal Protection claim against the DOC and Defendant Harry in her official capacity;

(2) the ADA and RA claims against the individual Defendants; or (3) the declaratory relief claim against all defendants. As such, no proper objections were raised as to the portions of Magistrate Judge Pesto's Report and Recommendation specifically pertaining to: (1) the § 1983 Equal Protection claim against the DOC and Defendant Harry in her official capacity; (2) the ADA and RA claims against the individual Defendants[1]; and (3) the declaratory relief claim against all defendants. Thus, as to these narrow issues, the Court applies the "reasoned consideration" standard of review. *See EEOC*, 866 F.3d at 100. After conducting a reasoned consideration review as to those specific portions of the record and the Report and Recommendation, pursuant to Local Civil Rule 72.D.2, and for the reasons set forth below, the Court adopts Judge Pesto's Report and Recommendation as to these issues and will **GRANT** Defendants' Motion to Dismiss regarding: (1) Plaintiff's § 1983 Equal Protection Claim against the DOC and Defendant Harry; (2) the ADA and RA claims against the individual Defendants; and (3) the declaratory relief sought against all Defendants.

As to all remaining portions of Judge Pesto's Report and Recommendation, Plaintiff did raise proper objections. Thus, the Court conducted a de novo review, *see* Fed. R. Civ. Proc. 72(b)(3), of the record and the Report and Recommendation, pursuant to Local Civil Rule 72.D.2, and for the reasons set forth below, will adopt in part, as supplemented herein, Magistrate Judge Pesto's Report and Recommendation regarding: (1) Plaintiff's remaining § 1983 Equal Protection Claim against Defendant Wenerowicz; (2) Plaintiff's remaining ADA and RA claims against the DOC; and, (3) Plaintiff's requested relief of compensatory damages, reasonable attorneys' fees and costs, and other relief deemed just and equitable by the Court.

---

[1] The Court notes that Judge Pesto appropriately explained in his Report and Recommendation that "[i]ndividuals are not liable under Title II [of the ADA] or the Rehabilitation Act." *Snider v. Pennsylvania DOC*, 505 F.Supp.3d 360, 404-05 (M.D. Pa. 2020) (citing *Emerson v. Theil Coll.*, 296 F.3d 184, 189-190 (3d Cir. 2002) (dismissing plaintiff's Title II and RA claims against individual defendants with prejudice).

3

I.      **Standard of Review**

Under Federal Rule of Civil Procedure 12(b)(6), a complaint may be dismissed, in whole or in part, for "failure to state a claim upon which relief can be granted." *See* Fed. R. Civ. P. 12(b)(6). In this way, a motion to dismiss pursuant to Federal Rule of Civil Procedure 12(b)(6) tests the legal sufficiency of the complaint. *See Kost v. Kozakiewicz*, 1 F.3d 176, 183 (3d Cir. 1993). "To survive a motion to dismiss, a complaint must contain sufficient factual matter . . . to 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (citing *Bell Atlantic Corp. v. Twombly*, 550 U.S. 554, 570 (2007)). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id.* (citing *Twombly*, 550 U.S. at 556). While a complaint does not need detailed factual allegations to survive a motion to dismiss, a complaint must provide "more than labels and conclusions, and a formulaic recitation of the elements of a cause of action." *Twombly*, 550 U.S. at 555 (internal citations omitted).

At the motion to dismiss stage, the court does not address whether the plaintiff will be able to prove the facts alleged or will ultimately prevail on the merits, but instead determines if the claimant is entitled to offer evidence to support the claims. *See Maio v. Aetna, Inc.*, 221 F.3d 472, 482 (3d Cir. 2000). As such, the court must accept as true all well-pled factual allegations in the complaint and its attachments and view all reasonable inferences in the light most favorable to the plaintiff(s). *See U.S. Express Lines Ltd. v. Higgins*, 281 F.3d 383, 388 (3d Cir. 2002); *In re Burlington Coat Factory Securities Litigation*, 114 F.3d 1410, 1426 (3d Cir. 1997). However, the court is not required to accept inferences that are unsupported by factual allegations in the complaint or legal conclusions disguised as factual allegations. *See Twombly*, 550 U.S. at 555; *California Pub. Emp. Ret. Sys. v. The Chubb Corp.*, 394 F.3d 126, 143 (3d Cir. 2004).

When determining the sufficiency of a complaint under the standards established in *Twombly* and *Iqbal*, a court must: (1) "tak[e] note of the elements a plaintiff must plead to state a claim," *Iqbal*, 556 U.S. at 675; (2) identify allegations unsupported by facts that, "because they are no more than conclusions, are not entitled to the assumption of truth," *Id.* at 679; *see also Burtch v. Milberg Factors, Inc.*, 662 F.3d 212, 224 (3d Cir. 2011); and, (3) assume the veracity of well-pleaded factual allegations and proceed to "determine whether they plausibly give rise to an entitlement to relief." *Iqbal*, 556 U.S. at 679. In short, a motion to dismiss should not be granted if a plaintiff alleges facts, which taken as true, would entitle him/her to relief. *See Iqbal*, 281 F.3d at 678; *see generally Twombly*, 550 U.S. at 570.

## II.   Factual Background[2]

Plaintiff was incarcerated by the DOC at the State Correctional Institution located in Somerset, Pennsylvania. ECF No. 11, ¶ 4. On September 25, 2015, Plaintiff was granted parole and became eligible to participate in the DOC's halfway house program. *Id.* at ¶ 15. While Plaintiff is blind, he is able to care for himself, self-ambulate, and does not need a wheelchair, a wheelchair pusher, or ongoing navigation assistance. *Id.* at ¶¶ 16-18.

Upon becoming eligible to participate in the DOC's halfway house program, Plaintiff requested that the DOC place him in a halfway house in the Pittsburgh, Pennsylvania, region because he believed a placement in the area would help him manage the effects of his disability due to both the family support he would have there and his familiarity with the region. *Id.* at ¶ 20. However, "on May 5, 2016, the DOC rejected [Plaintiff] for placement due, in part, to its determination that none of the halfway houses in Allegheny County could accommodate [his]

---

[2] For purposes of assessing Defendants' Motion to Dismiss, the following facts set forth in Plaintiff's Amended Complaint are accepted as true.

5

blindness."[3] *Id.* at ¶ 22. Instead, on February 2, 2017, the DOC offered to place Plaintiff in a Philadelphia, Pennsylvania, personal care home. *Id.* at ¶ 23. Plaintiff rejected this offer. *Id.* at ¶ 24. After a long period of denied placements and multiple attempts to clarify the accommodations Plaintiff does and does not require, Plaintiff was released to a halfway house in Harrisburg, Pennsylvania, before he was referred to a rooming house in York, Pennsylvania, where he currently resides. *Id.* at ¶¶ 25-32.

## III. Discussion

### A. Equal Protection Claim

Plaintiff raises a claim under the Equal Protection Clause of the Fourteenth Amendment of the United States Constitution pursuant to 42 U.S.C. § 1983. The Fourteenth Amendment's Equal Protection Clause sets forth that "[n]o state shall . . . deny to any person within its jurisdiction the equal protection of the laws." U.S. Const. amend. XIV. Though not specifically identified in the Amended Complaint, Plaintiff has alleged that state action violated the Equal Protection Clause under a "class of one" theory. Under this theory, a plaintiff alleges an Equal Protection violation occurred as a result of the individual plaintiff, rather than a particular group, being subjected to discriminatory treatment. *See PG Publ. Co. v. Aichele*, 705 F.3d 91, 114 (3d Cir. 2013). While "general accusations and the invocation of the Equal Protection Clause are not enough to allege a class of one claim," *Joey's Auto Repair & Body Shop v. Fayette County*, 785 Fed.Appx. 46, 49 (3d Cir. 2019) (quoting *Phillips v. Cty. Of Allegheny*, 515 F.3d 224, 245 (3d Cir. 2008)) (internal quotations omitted), the Supreme Court has found class of one Equal Protection Clause violations when the plaintiff demonstrates that (1) the plaintiff has been treated differently from others

---

[3] Plaintiff set forth that Michael Wenerowicz, the Pennsylvania Department of Corrections Deputy Secretary for Office of Reentry, signed a declaration which stated, "due to [Plaintiff's] medical issues, BCC has determined that he is not presently suitable for placement." ECF No. 11, ¶ 28

similarly situated; (2) such treatment was intentional; and, (3) there is no rational basis for the difference in treatment. *See Village of Willowbrook v. Olech*, 528 U.S. 562, 564 (2000); *see also Lasche v. New Jersey*, No. 20-2325, 2022 WL 604025, at *6 (3d Cir. Mar. 1, 2022); *Hill v. Borough of Kutztown*, 455 F.3d 225, 239 (3d Cir. 2006).

"Persons are similarly situated under the Equal Protection Clause when they are alike in all relevant respects." *Startzell v. City of Philadelphia, Pa.*, 533 F.3d 183, 203 (3d Cir. 2008) (quoting *Nordlinger v. Hahn*, 505 U.S. 1, 10 (1992)) (internal quotation marks omitted); *see also Stradford v. Secretary Pennsylvania Department of Corrections*, 53 F.4th 67, 74 (3d Cir. 2022) (explaining that the unequal treatment must occur "among persons similarly situated according to a relevant standard of comparison."). It is only when persons are similarly situated that courts may "isolate the factor allegedly subject to impermissible discrimination." *Id.* (quoting *United States v. Olvis*, 97 F.3d 739, 744 (4th Cir. 1996)). For this reason, "[o]ther factors explaining disparate treatment will usually preclude persons from being similarly situated. . . doom[ing] an equal-protection claim." *Id.*

In Plaintiff's Amended Complaint, Plaintiff outlines the alleged violation of the Equal Protection Clause and identifies those alleged to be similarly situated—against whom disparate treatment is to be measured. ECF No. 11, ¶¶ 47-49. Plaintiff avers that Defendants violated the Fourteenth Amendment's Equal Protection clause by treating Plaintiff "in a substantially more adverse manner than *those who have been granted parole* and are not blind." *Id.* at ¶ 49 (emphasis added). In this way, Plaintiff identifies others similarly situated as those who are incarcerated and have been granted parole. *Id.* at ¶ 38. However, for the reasons set forth below in addition to those set forth in Magistrate Judge Pesto's Report and Recommendation, Plaintiff fails to sufficiently

plead the first element of his Equal Protection Claim as he fails to identify those similarly situated under a relevant standard of comparison. *See Stradford*, 53 F.4th at 74.

Because "[d]ifferences between crimes might reasonably explain differences in treatment," *id.*, those similarly situated to Plaintiff are not simply individuals who are incarcerated and have been granted parole, but those who have been convicted of the same crime and have been granted parole. *Id.* ("When evaluating whether offenders are similarly situated under the Equal Protection Clause, we must assess the nature of their respective crimes."). Through omitting in his Amended Complaint the crime of which he was convicted, Plaintiff failed to identify the relevant standard of comparison necessary to allege those similarly situated. As a result, Plaintiff never alleges that he was treated "in a substantially more adverse manner" than those who are, in fact, similarly situated. Because Plaintiff failed to allege any facts to support the conclusion that he was treated differently from others who are, in fact, similarly situated, he has failed to state a claim under the Equal Protection Clause, pursuant to 42 U.S.C. § 1983.[4]

Plaintiff failed to sufficiently plead the prima facie elements of a § 1983 Equal Protection claim despite Defendants' identification of the above stated deficiencies in the Motion to Dismiss filed prior to Plaintiff's Amended Complaint. ECF No. 10. Thus, Magistrate Judge Pesto appropriately recommends that Plaintiff's Equal Protection claim be **DISMISSED WITH**

---

[4] Even if Plaintiff had alleged facts to sufficiently plead the first two elements of an Equal Protection class of one claim, Plaintiff failed to sufficiently plead the third element. This element requires plaintiffs, raising a class of one Equal Protection claim, to allege that they were subjected to different treatment without a rational basis. *See Willowbrook*, 528 U.S. at 564. Plaintiff alleges in the "Facts" section of his Amended Complaint that despite being granted parole and being eligible to participate in the DOC's halfway house program on September 25, 2015, ECF No. 11, ¶ 15, "the DOC rejected [him] for placement, *due in part*, to its determination that none of the halfway houses in Allegheny County could accommodate [his] blindness." ECF No. 11, ¶ 22 (emphasis added). Through alleging that the DOC's rejection of Plaintiff's placement in the halfway house program was "due in part" to his disability, Plaintiff has clearly alleged that other factors were contemplated by the DOC when his placement was rejected. Though Plaintiff is mindful of those reasons, Plaintiff does not identify any of these additional factors or address their rationality despite conclusively contending in the objections to Magistrate Judge Pesto's Report and Recommendation that they provided an irrational basis for the alleged difference in treatment.

**PREJUDICE** as further leave to amend and resulting motions practice would be inequitable to Defendants. *See Joey's Auto Repair & Body Shop v. Fayette County*, 785 Fed.Appx. 46, 49 (3d Cir. 2019) (affirming the district court's decision to dismiss with prejudice plaintiffs' class of one § 1983 Equal Protection claim when no details or specific examples were alleged which supported the notion that the business set forth was similarly situated to the business operated by plaintiffs).

**B.   ADA and RA Claims**

"Because the same standards govern both . . . RA and ADA claims, we may address both claims in the same breath." *Chambers ex rel. Chambers v. Sch. Dist. of Philadelphia Bd. of Educ.*, 587 F.3d 176, 189 (3d Cir. 2009) (citing *McDonald v. Pennsylvania*, 62 F.3d 92, 95 (3d Cir. 1995). To state a claim under Title II of the ADA, a plaintiff "must demonstrate that: (1) they are qualified individuals; (2) with a disability; and (3) they were excluded from participation in or denied the benefits of the services, programs, or activities of a public entity, or were subjected to discrimination by any such entity; (4) by reason of their disability." *Durham v. Kelley*, 82 F.4th 217, 225 (3d Cir. 2023).

### 1. Has Plaintiff Sufficiently Pled that He is a Qualified Individual with a Disability?

The ADA clearly extends to state prisoners. *See Penn. Dep't of Corr. v. Yeskey*, 524 U.S. 206, 209-10 (1998) and identifies blind individuals as qualified. *See* 28 C.F.R. § 35.108(d)(2)(iii)(B) (noting that it should easily be concluded that blindness limits the substantial life activity of seeing). As such, because Plaintiff has alleged that he was a state prisoner at the time of the allegedly discriminatory treatment, ECF No. 11 ¶ 4, and is totally blind, ECF No. 11 ¶ 6, Plaintiff has sufficiently alleged that he is a qualified individual within the meaning of the ADA.

### 2. Has Plaintiff Sufficiently Pled that He was Excluded from Participation in or was Denied the Benefits of the Services, Programs, or Activities of a Public Entity?

While "[t]he ADA does not define 'services, programs, or activities' . . . both Congress and [the Third Circuit] have recognized that Title II provides at least the same degree of protection as Section 504" of the Rehabilitation Act, *Furgess v. Pennsylvania Department of Corrections*, 933 F.3d 285, 289 (3d Cir. 2019) (quoting 42 U.S.C. § 12201(a)), which "defines a 'program or activity' quite broadly to include '*all* of the operations of' a state instrumentality." *Id.* (quoting 29 U.S.C. § 794(b)) (emphasis provided). In this way, "the phrase 'service, program, or activity' under Title II . . . is 'extremely broad in scope and includes anything a public entity does.'" *Id.* (quoting *Disability Rights N.J., Inc. v. Comm'r, N.J. Dep't of Human Servs.*, 796 F.3d 293, 301 (3d Cir. 2015)). Thus, the DOC's placement of paroled individuals is contemplated within the services, programs, and activities covered under Title II of the ADA. *See generally Olmstead v. L.C. ex rel. Zimring*, 527 U.S. 581, 607 (1999) (finding community-based care to be within the "services, programs, or activities" contemplated by Title II of the ADA in the context of prisoners with mental disabilities).

While the DOC's placement of paroled individuals is contemplated within the services, programs, and activities covered under Title II of the ADA, a prisoner does not have a federally protected right to placement in a particular facility. *See Meachum v. Fano*, 427 U.S. 215, 224 (1976) ("The Constitution does not . . . guarantee that the convicted prisoner will be placed in any particular prison."); *see Haley v. Kintock Group*, 587 Fed.Appx. 1, 3 (3d Cir. 2014) (An individual does not have a protected interest in remaining at a particular form of institutional confinement, whether it be a prison or halfway house); *Ferguson v. Apker*, 132 Fed.Appx. 995, 996-97 (3d Cir. 2005) (holding that the plaintiff "did not have a right to immediate CCC placement; rather, he only had a right to have the BOP consider whether he should be transferred to a CCC."); *Asquith v. Department of Corrections*, 186 F.3d 407, 411 (3d Cir. 1999) ("The Supreme Court has

10

consistently held that while a prisoner remains in institutional confinement . . . his interest in remaining in a particular facility" is not protected.). Title II of the ADA ensures that qualified, paroled individuals are not excluded from participation in or denied the benefits of the services, programs, or activities of a public entity by reason of their disability; it does not ensure that they are placed in the facility of their choice. *See* 42 U.S.C. § 12132.

Despite the fact that the DOC's placement of paroled individuals is covered under Title II of the ADA, Plaintiff failed to plead facts sufficient to allege that he was excluded from or denied the benefits of these services, programs, or activities for the *entire* time period alleged. Specifically, Plaintiff averred that "on May 5, 2016, the DOC rejected [him] for placement due, in part, to its determination that none of the halfway houses in Allegheny County could accommodate [his] blindness," ECF No. 11 ¶ 22, and that "[o]n February 2, 2017, the DOC offered to place [him] in a Philadelphia personal care home," *Id.* at ¶ 23, which he rejected. *Id.* at ¶ 24. Viewing all reasonable inferences in the light most favorable to Plaintiff, he has alleged facts supporting his assertion that he was denied placement in the halfway house program on May 5, 2016. Although the ADA does not require Plaintiff to be placed in a halfway house in his preferred region, Plaintiff has adduced facts to support the assertion that he was categorically denied placement in the halfway house program on May 5, 2016, when his placement was rejected, in part, due to the fact that no Allegheny County halfway house could accommodate his disability.[5] *See* ECF No. 11, ¶ 22.

---

[5] Given the standard of review applied at this stage of litigation and the fact that Plaintiff's pleadings do not mention his disability being considered through the lens of an individualized assessment of potential for recidivism, Plaintiff has adduced facts sufficient to allege that he was categorically denied parole as a result of his disability. *See Scherer v. Pennsylvania Dept. of Corrections*, No. 3:2004-191, 2007 WL 4111412, at *9 (W.D. Pa. Nov. 16, 2007) ("[C]ategorically denying parole to a prisoner based upon his mental illness would violate the ADA, but denying parole for that prisoner after considering his disability of mental illness through an individual assessment of his potential to recidivate if paroled would not violate the ADA or RA.").

11

However, Plaintiff's averments that he was offered placement on February 2, 2017, and that he rejected the placement offer, remove any claim that he was excluded from or denied the service, program, or activity of parole placement by the DOC after that date until June 30, 2023, when his Amended Complaint was filed. ECF No. 11. While Plaintiff is entitled to maintain personal preferences as to his parole placement, those preferences are not binding on the DOC. Thus, because Plaintiff has clearly alleged facts that demonstrate he was not excluded from participation in or denied the benefits of a service, program or activity following his rejection of the DOC's placement offer on February 2, 2017, Magistrate Judge Pesto appropriately recommends that Plaintiff's ADA claim regarding discrimination after February 2, 2017, be **DISMISSED WITH PREJUDICE** due to futility. *See Phillips v. Cnty. Of Allegheny*, 515 F.3d 224, 245 (3d Cir. 2008). The Court will continue to evaluate Plaintiff's ADA and RA claim with respect to the time period between May 5, 2016, and February 1, 2017, below.

### 3. Has Plaintiff Sufficiently Pled that the Alleged Discrimination was "By Reason of" His Disability?

While the Third Circuit "often address[es] both [ADA and RA] claims in the same breath," *Berardelli v. Allied Services Institute of Rehabilitation Medicine*, 900 F.3d 104, 117 (3d Cir. 2018) (quoting *Chambers ex rel. Chambers*, 587 F.3d at 189),[6] the Third Circuit has noted that "[c]ausation standards differ under the ADA and RA." *Durham*, 82 F.4th at 226. As such, the Court will discuss the causation element under the ADA and RA in turn.

### i. Has Plaintiff Sufficiently Pled Causation under the ADA?

---

[6] *See also Disabled in Action of Pennsylvania v. Southeastern Transportation Authority*, 635 F.3d 87, n.5 (3d Cir. 2011) (quoting *Pennsylvania Protection and Advocacy, Inc. v. Pennsylvania Dep't of Pub. Welfare*, 402 F.3d 374, 379 n.3 (3d Cir. 2005)) ("In light of the similarities between the ADA and R[ehabilitation] A[ct] and their implementing regulations, we construe and apply them in a consistent manner.")

"The ADA's 'by reason of' language requires the plaintiff to demonstrate that, but for the failure to accommodate, he would not be deprived of the benefit he seeks." *Starego v. NJ State Interscholastic Athletic Ass'n*, 970 F.Supp.2d 303, 314 (D. N.J. 2013) (quoting *Muhammad v. Court of Common Pleas of Allegheny Cnty. Pa.*, 483 Fed.Appx. 759, 764 (3d Cir. 2012)). As such, the ADA requires "but-for" causation, *Durham*, 82 F.4th at 226, which the Third Circuit, in other contexts, has set forth "means that a result can be traced back to a triggering act." *United States v. Jacobs*, 21 F.4th 106, n.8 (3d Cir. 2021). "Worded differently, [the plaintiff] must present sufficient evidence to establish that the reason for . . . ineligibility is due to his disabilities." *Starego*, 970 F.Supp.2d at 314.

Here, Plaintiff has adduced sufficient facts to demonstrate that, but for his disability, he would have been approved for placement in a halfway house. In his Amended Complaint, Plaintiff set forth that Michael Wenerowicz, the Pennsylvania Department of Corrections Deputy Secretary for Office of Reentry, signed a declaration which stated, "due to [Plaintiff's] medical issues, BCC has determined that he is not presently suitable for placement." ECF No. 11, ¶ 28.[7] As such, Plaintiff has adduced facts which suggest that his disability is a but-for cause of him being rejected for placement. Therefore, the Court will **DENY** Defendants' Motion to Dismiss Plaintiff's ADA claim regarding the specific time period between May 5, 2016, and February 1, 2017.

    ii.    **Has Plaintiff Sufficiently Pled Causation under the RA?**

"While the ADA only requires but-for causation," the RA requires that "the disability be the sole cause of the discriminatory action." *Durham*, 82 F.4th at 226. (citing *C.G. v. Pa. Dep't of Educ.*, 734 F.3d 229, 235-36 & n.11 (3d Cir. 2013)).

---

[7] In addition to Plaintiff's averments, Defendants DOC and Laurel Harry had previously set forth the same facts in the first Brief in Support of Motion to Dismiss for Failure to State a Claim stating, "due to [Plaintiff's] medical issues, BCC has determined that he is not presently suitable for placement in a CCC." ECF No. 10 ¶ 15.

Due to the RA's causation requirement, Plaintiff has failed to allege sufficient facts to plead a prima facie RA claim. Despite the fact that the RA requires the disability to be the sole cause of the discriminatory action, Plaintiff has made clear that other reasons exist for the rejection of his placement in an Allegheny County halfway house. ECF No. 11, ¶ 22 ("the DOC rejected [Plaintiff] for placement due, *in part*, to its determination that none of the halfway houses in Allegheny County could accommodate [his] blindness.") (emphasis added). As such, Plaintiff has alleged facts irreconcilable to the elements of a prima facie RA claim, rendering any opportunity to further amend the claim futile. *See Phillips v. Cnty. Of Allegheny*, 515 F.3d 224, 245 (3d Cir. 2008). Thus, Magistrate Judge Pesto appropriately recommends Plaintiff's RA claim be **DISMISSED WITH PREJUDICE**.

### C.     Relief Requested

In light of the Court adopting Magistrate Judge Pesto's recommendation to dismiss Plaintiff's request for declaratory judgment upon a reasoned consideration review, Plaintiff's prayer for relief includes only the following: (1) compensatory damages; (2) reasonable attorneys' fees and costs; and (3) other relief the Court deems just and equitable.

#### 1. Compensatory Damages

"Where compensatory damages are sought, a plaintiff must also show intentional discrimination under a deliberate indifference standard." *Durham*, 82 F.4th at 225 (citing *Furgess*, 933 F.3d at 289). Under this standard, "a claimant must allege: (1) knowledge that a federally protected right is substantially likely to be violated and (2) failure to act despite that knowledge. *Id.* at 226 (quoting *Haberle v. Troxell*, 885 F.3d 170, 181 (3d Cir. 2018)). In the context of claims under Title II of the ADA, the Third Circuit has held that the federally protected right in question is the right under the ADA to be free from disability discrimination. *See Durham*, 82 F.4th at 226

(finding that the plaintiff "pleaded sufficient facts to demonstrate that the Defendants had knowledge that a federally protected right—his right under the ADA to be free from disability discrimination—was substantially likely to be violated.").

Here, Plaintiff pled facts sufficient to allege that the DOC had knowledge that a federally protected right—his right under the ADA to be free from disability discrimination—was substantially likely to be violated, and that the DOC failed to act despite that knowledge. Plaintiff is totally blind and has alleged that the DOC knew of his disability but rejected him for placement in a halfway house due to the accommodations the DOC believed Plaintiff needed.[8] ECF No. 11, ¶¶ 22, 28. The Third Circuit has found analogous allegations to be sufficient to support a request for compensatory damages relative to a claim under Title II of the ADA. *See Durham*, 82 F.4th at 226 (holding that Durham sufficiently alleged a deliberate indifference claim when he set forth that: he had a diagnosis of lumbar stenosis, a prescription for a cane, and had been using his cane to walk in the facility but was denied accommodations despite prison official's knowledge of those facts). Thus, Plaintiff has pled facts sufficient to allege intentional discrimination under a deliberate indifference standard. Therefore, the Court will **DENY** Defendant's Motion to Dismiss, ECF No. 15, regarding Plaintiff's claim for relief in the form of compensatory damages.

### 2. Reasonable Attorneys' Fees and Costs

The ADA sets forth that, "[i]n any action or administrative proceeding commenced pursuant to this chapter, the court or agency, in its discretion, may allow the prevailing party, other than the United States, a reasonable attorney's fee, including litigation expenses and costs. . . ." 42

---

[8] Plaintiff alleged the DOC's knowledge of his medical issues in his Amended Complaint wherein he contended that Defendants' knowledge of his medical issues was, at least, one of the reasons for his rejection from placement in the halfway house program. ECF No. 11, ¶¶ 22, 28. In the Brief in Support of the Motion to Dismiss, Defendants did not dispute that Plaintiff is blind and instead concede that they continued to house Plaintiff in an institution based upon the accommodations his medical records indicated were necessary as a result of his blindness. ECF No. 16, pp. 15, 19.

U.S.C.A. § 12205. Such relief may be available to a prevailing party in a Title II ADA case. *See Miraglia v. Board of Supervisors of Louisiana State Museum*, 901 F.3d 565, 578 (5th Cir. 2018) (affirming the district court's grant of attorneys' fees to the prevailing party in its claim under Title II of the ADA). As such, Plaintiff need not allege facts further than that which are sufficient to raise a claim under Title II of the ADA in order to request reasonable attorneys' fees and costs as relief. Because Plaintiff has sufficiently alleged such facts, the Court will **DENY** Defendant's Motion to Dismiss regarding Plaintiff's claim for relief in the form of reasonable attorneys' fees and expenses.

### ORDER

AND NOW, this 27th day of September 2024, Magistrate Judge Pesto's Report and Recommendation, ECF No. 21, is adopted in part as supplemented. IT IS HEREBY ORDERED that Defendants' Motion to Dismiss, ECF No. 15, is GRANTED in part and DENIED in part, as follows:

1. Defendants' Motion to Dismiss is GRANTED as to Plaintiff's § 1983 Equal Protection Claim against all Defendants. The § 1983 Equal Protection claim is DISMISSED WITH PREJUDICE;

2. Defendants' Motion to Dismiss is GRANTED as to Plaintiff's ADA claim against the individual Defendants. The ADA claim as to the individual Defendants is DISMISSED WITH PREJUDICE;

3. Defendants' Motion to Dismiss is GRANTED as to Plaintiff's RA claim against all Defendants. The RA claim is DISMISSED WITH PREJUDICE;

4. Defendants' Motion to Dismiss is GRANTED as to Plaintiff's ADA claim against the DOC pertaining to the time period from February 2, 2017, until June 30, 2023. Plaintiff's ADA claim within this timeframe is DISMISSED WITH PREJUDICE;

5. Defendants' Motion to Dismiss is GRANTED as to Plaintiff's request for a declaratory relief. Plaintiff's request for declaratory relief is DISMISSED WITH PREJUDICE; and,

6. Defendants' Motion to Dismiss is DENIED as to the portion of Plaintiff's ADA claim pertaining to the time period between May 5, 2016, and February 1, 2017, and in all other respects.

The Clerk of Court shall terminate Defendants Michael Wenerowicz and Laurel Harry. The case is returned to the jurisdiction of Magistrate Judge Pesto for further proceedings.

*Stephanie L. Haines*
Stephanie L. Haines
United States District Judge