IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA

ALAN DECKER,                                )
                                            )
           Plaintiff,                       )
                                            )
     v.                                     )          Civil No. 3:23-cv-00144-SLH
                                            )          Judge Stephanie L. Haines
COMMONWEALTH OF PENNSYLVANIA                )          Magistrate Judge Keith A. Pesto
DEPARTMENT OF CORRECTIONS,                  )
                                            )
           Defendant.                       )

## Memorandum Order

Before the Court are two Motions for Reconsideration, ECF Nos. 28, 30, filed by Defendant Commonwealth of Pennsylvania Department of Corrections ("Defendant") and Plaintiff Alan Decker ("Plaintiff"), respectively. Plaintiff seeks reconsideration of the Court's September 27, 2024, Memorandum Opinion and Order, ECF No. 27, wherein the Court dismissed with prejudice Plaintiff's 42 U.S.C. § 1983 Equal Protection claim and his claim under the Rehabilitation Act of 1973 ("RA"), 29 U.S.C. § 794, granting, in part, Defendant's Motion to Dismiss, ECF No. 15. Conversely, Defendant seeks reconsideration of the Court's September 27, 2024, Memorandum Opinion and Order, ECF No. 27, wherein the Court denied Defendant's Motion to Dismiss, ECF No. 15, as to Plaintiff's ADA claim pertaining to the time period between May 5, 2016, and February 2, 2017.

After Plaintiff and Defendant each filed their Motions and Briefs in Support of Reconsideration (ECF Nos. 30, 31 and 28, 29, respectively), on October 11, 2024, the Court set out a scheduling order for responses. Plaintiff requested an extension (ECF No. 32), which the Court granted (ECF No. 33). On November 6, 2024, Defendant filed its Brief in Opposition to Plaintiff's Motion for

Reconsideration (ECF No. 34) and two days later Plaintiff filed his Brief in Opposition to Defendant's Motion for Reconsideration (ECF No. 35). On November 15, 2024, Plaintiff filed a Reply Brief (ECF No. 36) responding to Defendant's Opposition to Plaintiff's Motion for Reconsideration. The Court will evaluate each Motion for Reconsideration in turn below.

## I.     Legal Standard

The purpose of a motion for reconsideration "'is to correct manifest errors of law or fact or to present newly discovered evidence.'" *Kabacinski v. Bostrom Seating, Inc.*, 98 F. App'x 78, 81 (3d Cir. 2004) (quoting *Harsco Corp. v. Zlotnicki*, 779 F.2d 906, 909 (3d Cir. 1985)). Because "federal courts have a strong interest in the finality of judgments . . ." *United States v. Hoey*, No. CR 09-200, 2011 WL 748152, at *2 (W.D. Pa. Feb. 15, 2011) (internal quotations omitted), the standard that must be met to prevail on a motion for reconsideration is high. *See Berry v. Jacobs IMC, LLC*, 99 F. App'x 405, 410 (3d Cir. 2004). The Court may grant a motion for reconsideration if the moving party shows: "(1) an intervening change in the controlling law; (2) the availability of new evidence which was unavailable when the Court issued its order; or (3) the need to correct a clear error of law or fact or to prevent a manifest injustice." *United States v. Banks*, No. CR 03-245, 2008 WL 5429620, at *1 (W.D. Pa. Dec. 31, 2008) (citing *Max's Seafood Café by Lou-Ann, Inc. v. Quinteros*, 176 F.3d 669, 677 (3d Cir. 1999)). In this context, "new evidence" refers to "evidence that a party could not earlier submit to the court because that evidence was not previously available;" it "does not refer to evidence that a party [simply] obtains or submits to the court after an adverse ruling." *Howard Hess Dental Laboratories, Inc. v. Dentsply Intern., Inc.*, 602 F.3d 237, 252 (3d Cir. 2010).

"Motion[s] for reconsideration are not a tool to re-litigate and reargue issues which have already been considered and disposed of by the court," *Hoey*, 2011 WL 748152, at *2 (citation

omitted), to "express disagreement with the court's rulings," *United States v. Perminter*, No. CR 10-204, 2012 WL 642530, at *7 (W.D. Pa. Feb. 28, 2012), or for addressing arguments that a party should have raised earlier. *See United States v. Dupree*, 617 F.3d 724, 732-33 (3d Cir. 2010). Rather, such a motion is appropriate only when the court misunderstood a party or where there has been a significant change in law or facts since the court originally ruled on that issue. *Hoey*, 2011 WL 748152, at *2.

## II.    Discussion

### A.    Plaintiff's Motion for Reconsideration

In Plaintiff's Motion for Reconsideration, he argues that the Court should "reconsider its decision in part and grant him leave to amend his Complaint." ECF No. 31, p. 1. Specifically, Plaintiff seeks reconsideration of the Court's decision to dismiss his § 1983 Equal Protection claim and his Rehabilitation Act ("RA") claim with prejudice, requesting that the Court remove "the 'with prejudice' component, thereby allowing Plaintiff to seek leave to aver additional facts in a Second Amended Complaint." ECF No. 31, p. 5. In making this request, Plaintiff also sets forth the additional facts he would aver if granted leave to file a second amended complaint. ECF No. 31.

Regarding his § 1983 Equal Protection claim, Plaintiff contends that he should be granted leave to amend his complaint because the Court found that he did not allege facts sufficient to plead a prima facie claim due to his failure to allege disparate treatment from others who are, in fact, similarly situated. ECF No. 31, p. 2-3. Plaintiff seeks to amend his complaint and cure the deficiencies in his § 1983 Equal Protection claim by citing reports that Defendant issued during the relevant timeframe, indicating the status of incarcerated individuals—relative to halfway house admissions—who had been granted parole. ECF No. 31, p. 3 n.3. Plaintiff contends that such

facts would be utilized to sufficiently allege disparate treatment from those who are similarly situated. *Id.*

Regarding his RA claim, Plaintiff argues that the averment set forth in his Amended Complaint that "on May 5, 2016, the DOC rejected [Plaintiff] for placement due, *in part*, to its determination that none of the halfway houses in Allegheny County could accommodate [his] blindness," ECF No. 11, ¶ 22 (emphasis added), was "not intended to assert that any basis other than [Plaintiff's] disability existed at the time of the independently occurring November 2021 denial." ECF No. 31, p. 4. Plaintiff contends that, if granted leave to amend, he would cure the causation deficiencies that resulted from the above averment by presenting a sworn declaration—set forth and addressed in other filings in this case, ECF No. 10, p. 22, ¶ 9; ECF No. 20, p. 5—that indicates Plaintiff's disability, rather than his offense status, made him difficult to place. ECF No. 31, p. 3.

Plaintiff's Motion for Reconsideration, ECF No. 30, does not assert any controlling change of law, seek to introduce any new evidence, or demonstrate a need to correct a clear error of law or fact or to prevent a manifest injustice with respect to either his § 1983 Equal Protection claim or his RA claim.

Instead, relative to his failure to plead disparate treatment from others similarly situated to support his § 1983 Equal Protection claim, Plaintiff contends that he "did not believe he was obligated to allege a contested fact in anticipation that the Defendants might raise it as a basis for their decision." ECF No. 31, p. 2. While Plaintiff was not required to allege contested facts in anticipation of Defendant's response, Plaintiff was required to adduce facts sufficient to plead prima facie claims in order for those claims to survive Defendant's motion to dismiss. Relative to Plaintiff's § 1983 Equal Protection claim, Plaintiff needed to allege facts sufficient to plead that

Plaintiff had been treated differently from others similarly situated,[1] necessitating factual allegations regarding those who are, in fact, similarly situated. In this way, Plaintiff does not contend that there was a change in controlling law, but, rather, Plaintiff bases his motion for reconsideration upon what he incorrectly believed he needed to allege.[2]

Regarding his RA claim, Plaintiff argues that his averment in his Amended Complaint, ECF No. 11, ¶ 22, was not intended to carry the meaning that the chosen language unambiguously attached. Plaintiff indicated in his Amended Complaint, ECF No. 11, that he was denied placement in a halfway house, in part, because of his disability, and now seeks leave to file a Second Amended Complaint wherein he would aver that his disability was the sole reason for his denial, controverting his earlier pleading. *Cf* ECF No. 11, ¶ 22; ECF No. 31, p. 3. In this way, Plaintiff seeks to clarify his earlier pleading on a basis that does not warrant granting his Motion for Reconsideration. ECF No. 30. Plaintiff presents no change of controlling law that would support granting his Motion for Reconsideration or any valid reason to subsequently grant his request for leave to file a Second Amended Complaint. The averment Plaintiff proposes to correct his earlier pleading does not address the analysis the Court performed in its September 27, 2024, Memorandum Opinion and Order, ECF No. 27, relative to Plaintiff's ADA claim pertaining to the time period from February 2, 2017, until June 30, 2023, that applies with equal weight to Plaintiff's

---

[1] The required elements of a prima facie, class of one Equal Protection claim were set forth by the Supreme Court of the United States over twenty years ago and have consistently been reiterated since. *See Village of Willowbrook v. Olech*, 528 U.S. 562, 564 (2000) (noting that the elements of a class of one Equal Protection claim include a demonstration that the plaintiff has been treated differently from others similarly situated); *see also Lasche v. New Jersey*, No. 20-2325, 2022 WL 604025, at *6 (3d Cir. Mar. 1, 2022); *Hill v. Borough of Kutztown*, 455 F.3d 225, 239 (3d Cir. 2006).

[2] The Court notes that Plaintiff has had the benefit of counsel throughout this case and is not proceeding *pro se*. "[A] misconception of the law is not an excuse for the late presentation of an alternative theory of recovery." *Rhymer v. Phillip Morris, Inc.*, 164 Fed.Appx. 268, 269 (3d Cir. 2006) (affirming a district court's denial of a motion to file a second amended complaint for undue delay when the primary reason given for the delay was a misconception of the law) (quoting *Troxel Mfg. Co. v. Schwinn Bicycle Co.*, 489 F.2d 968, 971 (6th Cir. 1974)).

RA claim over the same time period.[3]  As such, any leave to file a Second Amended Complaint relative to Plaintiff's RA claim pertaining to the time period from February 2, 2017, until June 30, 2023, would be futile.  Any leave to file a Second Amended Complaint relative to Plaintiff's RA claim pertaining to the time period from May 5, 2016, until February 1, 2017, would be inequitable as Plaintiff would aver facts that controvert the assertions relied on by Defendant in both Motions to Dismiss, ECF Nos. 9, 15,[4] Magistrate Judge Pesto in his July 25, 2024, Report and Recommendation, ECF No. 21, and this Court in its September 27, Memorandum Opinion and Order, ECF No. 27.

Regarding both of the claims addressed in his Motion for Reconsideration, Plaintiff fails to seek introduction of any new evidence as nothing in the record suggests that the evidence Plaintiff seeks to present was unavailable to him prior to the Court's September 27, 2024, Memorandum Opinion and Order.  ECF No. 27.[5]  *See Howard Hess Dental Laboratories, Inc.*, 602 F.3d at 252 (upholding the district court's denial of a motion for reconsideration when nothing in the record suggested that the evidence plaintiff sought to present post-summary judgment was unavailable when the summary judgment motion was filed).

---

[3] In its September 27, 2024, Memorandum Order and Opinion, the Court dismissed Plaintiff's ADA claim pertaining to the time period between February 2, 2024, and June 30, 2024, as Plaintiff averred that "he was offered placement on February 2, 2017, and that he rejected the placement offer, remov[ing] any claim that he was excluded from or denied the service, program, or activity of parole placement by the DOC after that date until June 30, 2023, when his Amended Complaint was filed."  ECF No. 27.  Thus, because Plaintiff "clearly alleged facts that demonstrate[d] he was not excluded from participation in or denied the benefits of a service, program or activity following his rejection of the DOC's placement offer on February 2, 2017, [the Court found that] Magistrate Judge Pesto appropriately recommend[ed] that Plaintiff's ADA claim regarding discrimination after February 2, 2017, be **DISMISSED WITH PREJUDICE** due to futility."  ECF No. 27.  The same analysis implicitly applied to Plaintiff's RA claim pertaining to the same time period as the Court recognized in its September 27, 2024, Memorandum Order and Opinion that: "the same standards govern both . . . RA and ADA claims," permitting the Court to "address both claims in the same breath."  ECF No. 27 (quoting *Chambers ex rel. Chambers v. Sch. Dist. of Philadelphia Bd. of Educ.*, 587 F.3d 176, 189 (3d Cir. 2009)).

[4] The Court notes that Plaintiff made the same averment in his initial Complaint, ECF No. 1, ¶ 21, that he made in his Amended Complaint, ECF No. 11, ¶ 22, implicating the averment in Defendant's initial Motion to Dismiss, ECF No. 9.

[5] As referenced above, the "new evidence" Plaintiff seeks to introduce in support of his RA claim was already before the Court when it issued its September 27, 2024, Memorandum Opinion and Order, ECF No. 27.  *See* ECF No. 10, p. 22, ¶ 9; ECF No. 20, p. 5.

Because Plaintiff's Motion for Reconsideration, ECF No. 30, does not assert any controlling change of law, seek to introduce any new evidence, or demonstrate a need to correct a clear error of law or fact or to prevent a manifest injustice, the Court will DENY Plaintiff's Motion for Reconsideration, ECF No. 30, and its included request for leave to file a second amended complaint.[6] *See Howard Hess Dental Laboratories, Inc.*, 602 F.3d at 252; *Rhymer*, 164 Fed.Appx. at 269.

**B.     Statute of Limitations**

Until the briefing relative to the pending motions for reconsideration, neither addressed the statute of limitations relative to Plaintiff's remaining ADA claim, which pertains to the time period between May 5, 2016, and February 1, 2017.  However, in Plaintiff's Brief in Support of his Motion for Reconsideration, ECF No. 31, Plaintiff notes that he "does not assert claims based on actions occurring prior to June 30, 2021, as any such claims would be barred by the ADA and RA statute of limitations." ECF No. 31, p. 4, n.4.  The Court agrees.[7]

---

[6] The Court notes that Defendant's untimely Brief in Opposition to Plaintiff's Motion for Reconsideration, ECF No. 34, was not implicated in the Court's conclusion.

[7] The Court notes that generally, "a district court is well within its rights to independently raise a statute of limitations defense . . . [as] a district court may *sua sponte* raise the issue of the deficiency of a complaint so long as the plaintiff is accorded an opportunity to respond." *Lassiter v. City of Philadelphia*, 716 F.3d 53, 57 (3d Cir. 2013).  However, whether it is appropriate to sua sponte address the statute of limitations depends upon numerous factors including: whether the plaintiff is proceeding *in forma pauperis*, the context of the case, the stage of litigation, and the statute implicated. *See generally In re Rosado*, 7 F.4th 152, 157 (3d Cir. 2021) (explaining in the context of habeas petitions that both district and appellate courts may consider timeliness sua sponte but may only do so after the parties have "fair notice and an opportunity to present their positions") (quoting *Day v. McDonough*, 547 U.S. 198, 209 (2006)); *Feingold v. Brooks*, 791 Fed.Appx. 325, 326, n.2 (3d Cir. 2020) (differentiating cases where statute of limitations was raised or addressed sua sponte based upon whether the cases involved 28 U.S.C. §1915); *Lassiter*, 716 F.3d at 56-57 (recognizing, in a case involving an alleged Fourth Amendment violation, that the district court acted within the scope of its authority when it simply raised the statute of limitations issue at a Rule 16 conference but did not, sua sponte, issue a ruling until the defendant filed the appropriate motions and plaintiff was given an opportunity to respond); *McPherson v. U.S.*, 392 Fed.Appx. 938, 943 (3d Cir. 2010) ("We see no reason why a district court, when screening a complaint pursuant to the PLRA, may not *sua sponte* dismiss a suit whose allegations make clear that the action is not timely.").  Here, the Court neither raised statute of limitations sua sponte nor is issuing a ruling on the matter *sua sponte*.  Instead, Plaintiff raised the issue in his Motion for Reconsideration, ECF No. 31, p. 4 n.4, putting the matter before the Court, and was the only party to address the issue.

"[T]he statute of limitations applicable to claims under Title II of the ADA and Section 504 of the RA is the statute of limitations for personal injury actions in the state in which the trial court sits." *Disabled in Action of Pennsylvania v. Southeastern Pennsylvania Transp. Authority*, 539 F.3d 199, 208 (3d Cir. 2008); *see also Saylor v. Ridge*, 989 F.Supp. 680, 686 (E.D. Pa. 1998) (citing *Benedum v. Franklin Township Recycling Center,* No. 95-1343, 1996 WL 679402, *6 (W.D.Pa.1996)); *Toney v. U.S. Healthcare, Inc.*, 840 F.Supp. 357, 359 (E.D. Pa. 1993), *aff'd*, 37 F.3d 1489 (3d Cir. 1994)). "In Pennsylvania, a plaintiff must bring a [personal injury] cause of action within two years of the injury giving rise to the alleged violations." *Smith v. City of Philadelphia*, 345 F.Supp.2d 482, 485 (E.D. Pa. 2004) (citing 42 Pa. Cons. Stat. Ann. § 5524).

Relevant to the question of whether a claim is time barred by the statute of limitations is whether the statute of limitations should be tolled. *Wisniewski v. Fisher*, 857 F.3d 152, 158 (3d Cir. 2017) ("[T]he District Court erred in dismissing these claims as barred by the statute of limitations without considering . . . whether and to what extent the limitations period should be tolled."). When a federal court must apply state limitations period, state tolling principles also apply. *See Knopick v. Connelly*, 639 F.3d 600, 606 (3d Cir. 2011) ("State tolling principles are generally to be used by a federal court when it is applying a state limitations period."); *see also Bral Corp. v. Johnstown America Corp.*, 919 F.Supp.2d 599, 610 (W.D. Pa. 2013). Among the several exceptions that toll a statute of limitations are the doctrine of fraudulent concealment, the discovery rule, and inherent fraud. *See id.* (citing *Fine v. Checcio*, 582 Pa. 253, 268 (Pa. 2005)); *see also Sheet Metal Workers, Local 19 v. 2300 Group, Inc.*, 949 F.2d 1274, 1280 (3d Cir. 1991). The common theme among tolling doctrines is that "if the time alleged in a statement of a claim shows that the cause of action has not been brought within the statute of limitations . . . [t]he issue then becomes whether *plaintiffs have made sufficient allegations to state a legally sufficient reason*

*for tolling the statute of limitations. . . . .*" *Gee v. CBS, Inc.*, 471 F.Supp. 600, 635 (E.D. Pa. 1979) (emphasis added); *see e.g. Credit Suisse Securities (USA) LLC v. Simmonds*, 566 U.S. 221, 227 (2012) (evaluating a claimed application of the tolling doctrine of fraudulent concealment, the Court noted that "[g]enerally, a litigant seeking equitable tolling bears the burden of establishing two elements. . . ."); *Rowland v. Novartis Pharmaceuticals Corp.*, 34 F.Supp.3d 556, 566 (W.D. Pa. 2014) ("The party relying on the discovery rule bears the burden of proof.") (citing *Wilson v. El-Daief*, 964 A.2d 354, 362 (Pa. 2009)); *Sheet Metal Workers, Local 19*, 949 F.2d at 1280 ("To prove inherent fraud . . . a plaintiff must first establish . . . ."). Thus, the plaintiff bears the burden of demonstrating a claim is not time barred by the statute of limitations due to the application of a tolling doctrine.

Here, Plaintiff filed his initial Complaint, ECF No. 1, on June 30, 2023. Plaintiff's sole remaining claim arises under Title II of the ADA and encompasses the time period between May 5, 2016, and February 1, 2017, which, on its face, falls outside of the applicable two-year statute of limitations by over four years. *See* ECF No. 27. When Plaintiff noted in his Motion for Reconsideration that he "does not assert claims based on actions occurring prior to June 30, 2021, as any such claims would be barred by the ADA and RA statute of limitations," ECF No. 31, p. 4, n.4, he both raised the issue of the statute of limitations, notifying the Court that the statute of limitations bars his remaining claim on its face, and implicitly denies the applicability of any tolling doctrine which he bears the burden of proving. Because all of the actions underlying Plaintiff's remaining claim occurred over four years outside of the statute of limitations and because Plaintiff has failed to carry his burden to demonstrate that tolling is applicable, the Court will DISMISS Plaintiff's remaining ADA claim with prejudice. *See Feingold*, 791 Fed.Appx. at

325-27, n.1 (affirming the district court's decision to dismiss plaintiff's claim with prejudice as it was time barred).

### C.     Defendant's Motion for Reconsideration

Defendant, in its Motion for Reconsideration contends that the Court should reconsider its ruling and dismiss Plaintiff's Amended Complaint in its entirety due to a deficiency in Plaintiff's ability to recover compensatory damages given his pleadings. ECF No. 29. However, as the Court has dismissed Plaintiff's remaining claim in light of Plaintiff's Brief in Support of his Motion for Reconsideration, ECF No. 31, p. 4, n.4, due to his remaining claim being time barred by the statute of limitations, Defendant's Motion for Reconsideration, ECF No. 29, will be DENIED as moot.

### ORDER OF COURT

AND NOW, this 16th day of January 2025, for the reasons set forth in the Memorandum above, IT IS HEREBY ORDERED that Plaintiff's Motion for Reconsideration, ECF No. 30, is DENIED, Plaintiff's remaining ADA claim pertaining to the time period between May 5, 2016, and February 1, 2017, is dismissed with prejudice, and Defendant's Motion for Reconsideration, ECF No. 28, is DENIED as moot. The clerk is directed to terminate Defendant Commonwealth of Pennsylvania Department of Corrections and to mark this case as closed.

Stephanie L. Haines
United States District Judge